UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KERRY KOTLER,

                      Plaintiff,

               v.

C. BOLEY, *et al.*,

                      Defendants.

No. 17-CV-239 (KMK)

OPINION & ORDER

Appearances:

Kerry Kotler
Marcy, NY
*Pro se Plaintiff*

Jennifer R. Gashi, Esq.
State of New York Office of the Attorney General
White Plains, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

      Plaintiff Kerry Kotler ("Plaintiff") filed this pro se Action, under 42 U.S.C. § 1983, against C. Boley, Correction Officer ("Boley"); J. Carreras, Sergeant ("Carreras"); K. Chauvin, Senior Counselor ("Chauvin"); and S. Reams, Inmate Grievance Program Supervisor ("Reams") (collectively "Defendants"), alleging violations of his constitutional rights under the First and Fourteenth Amendments based on incidents that took place at Fishkill Correctional Facility ("Fishkill"). (*See* Am. Compl. (Dkt. No. 38).) Before the Court is a Motion To Dismiss on behalf of Defendants Boley, Carreras, and Reams pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Not. of Mot. (Dkt. No. 43).) For the reasons that follow, the Motion is granted.

---

[1] Chauvin is named in the lawsuit as a Defendant, but she remains unserved and unrepresented. (*See* Dkt.)

## I. Background

Because Plaintiff's Amended Complaint alleges essentially the same facts as his Complaint and the factual and procedural background of this Action has been summarized in this Court's previous Opinion & Order on the Motion To Dismiss the Complaint (the "2018 Opinion"), the Court assumes familiarity with the general issues in dispute. (*See* Op. & Order ("2018 Op.") 2–3 (Dkt. No. 29).) The Court supplements the procedural history of this case since the issuance of the 2018 Opinion below.

On September 28, 2018, the Court issued an Opinion & Order dismissing Plaintiff's claims against Boley, Carreras, and Reams without prejudice. (*See* 2018 Op. 13.) Plaintiff was given 30 days to file an amended complaint. (*Id.*) On October 31, 2018, Plaintiff requested an extension of 60 days to file an amended complaint, which was granted on November 5, 2018. (*See* Dkt. No. 36.) However, Plaintiff failed to meet the deadline of December 31, 2018, and, accordingly, on January 9, 2019, the Court issued an Order to Show Cause as to why the Action should not be dismissed for failure to prosecute. (*See* Order to Show Cause (Dkt. No. 37).) The Amended Complaint was filed on the same day. (*See* Am. Compl.) In response to a Pre-Motion Letter from counsel for Defendants Boley, Carreras, and Reams, the Court set a briefing schedule for the instant Motions. (*See* Dkt. No. 42.)

Defendants Boley, Carreras, and Reams filed the instant Motion on March 5, 2019. (*See* Not. of Mot.; Defs.' Mem. of Law in Supp. of Mot. ("Defs.' Mem.") (Dkt. No. 44).) Plaintiff did not submit an opposition, and the defense did not submit a reply. The Court considers the Motion fully submitted.

II. Discussion

A. Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading

regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same). However, when the complaint is from a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint." *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted).

Where, as here, a plaintiff proceeds pro se, the court must "construe[] [his] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and quotation marks omitted)).

4

B. Analysis

Defendants Boley, Carreras, and Reams argue that Plaintiff's claims should be dismissed because the 2018 Opinion serves as the law of the case and Plaintiff's Amended Complaint is virtually identical to his Complaint; Plaintiff fails to state a First Amendment retaliation claim; Defendants Boley, Carreras, and Reams were not alleged to have been personally involved in any constitutional violation; and Defendants are entitled to qualified immunity. (Defs.' Mem. 5–18.)

1. First Amendment Retaliation Claim

Plaintiff's Amended Complaint alleges that the day after he appeared before the Inmate Grievance Resolution Committee ("IGRC") at Fishkill regarding his own grievance and a grievance related to another inmate Plaintiff had "helped write," Defendant Boley, at Defendant Carreras's instruction, searched Plaintiff's cell. (Am. Compl. ¶¶ 2–5.) During the search, Boley allegedly found a "broken and altered piece of a pair of tweezers." (*Id*. ¶ 8.) Plaintiff alleges that Boley wrote a misbehavior report about Plaintiff in which he "falsely claimed that the piece of the tweezers had been sharpened to a 'razors edge'." (*Id*. ¶ 13.) Plaintiff alleges that at his subsequent disciplinary hearing on this report, Boley and Carreras "made specific claims . . . that they knew were false," such as Boley's claim that the search of Plaintiff's cell was random or Carreras's testimony that the search was "the result of information that he [had] received from a confidential informant advising him that [P]laintiff was in possession of 'a weapon.'" (*Id*. ¶ 15.) Plaintiff alleges, as he did before, that Boley and Carreras both allegedly lied to make their search of his cell seem pursuant to "departmental policy." (*Id*. ¶¶ 14–15.)

Plaintiff's Amended Complaint fails to cure the fatal deficiencies identified in the 2018 Opinion. For example, the Court noted that Plaintiff's claim that Boley's search of his cell was

5

retaliatory fails as a matter of law because "a prisoner has no reasonable expectation of privacy in his or her prison cell[, and] a search of an inmate's cell, even for retaliatory reasons does not implicate a constitutional right." (2018 Op. 8) (alterations and quotation marks omitted) (collecting cases). The Court also explained that even if it were to consider the possibility that Boley's and Carreras's purportedly false testimony and/or misbehavior report constituted the retaliatory action, Plaintiff alleges only that Boley and Carreras testified in order "to satisfy the cause requirement and to justify the search" and "not as a way to retaliate against Plaintiff." (*Id.* at 11 (record citation, alterations, and quotation marks omitted).) The allegations in the Amended Complaint have the same fatal flaws. (*See* Am. Compl. ¶ 15.)[2]

"The mere filing of an Amended Complaint does not entitle Plaintiff to relitigate his claims absent new factual allegations. Because the Amended Complaint . . . is in large part identical to Plaintiff['s] first Complaint, the law of the case doctrine counsels against reconsideration of the Court's . . . dismissal of the first Complaint." *Weslowksi v. Zugibe*, 96 F. Supp. 3d 308, 316 (S.D.N.Y. 2015) (citation omitted), *aff'd*, 626 F. App'x 20 (2d Cir. 2015). Accordingly, Plaintiff's First Amendment retaliation claims are dismissed for the same reasons they were dismissed in the 2018 Opinion. *See Perkins v. Perez*, No. 17-CV-1341, 2020 WL 248686, at *4–5 (S.D.N.Y. Jan. 16, 2020) (applying the law-of-the-case doctrine to dismiss portions of a pro se complaint where the two pleadings at issue were "substantially identical");

---

[2] Moreover, as Plaintiff has still failed to identify against whom he initially filed a grievance or the subject matter of the grievance, (*see* Am. Compl. ¶¶ 2–3), the retaliation claim also fails for the additional reason that Plaintiff fails to plausibly allege a causal connection between filing a grievance and *Boley*'s search of the cell. "As a general matter, it is difficult to establish one defendant's retaliation for complaints against another defendant." (2018 Op. 9 n.2) (citation and quotation marks omitted) (collecting cases). Although Plaintiff was warned that he "should take this into account if he files an amended complaint," Plaintiff did nothing to plausibly connect Boley's and Carreras's actions to anything related to the actual substance of his initial grievance. (*Id.*)

*Mateo v. Dawn*, No. 14-CV-2620, 2016 WL 5478431, at *4 (S.D.N.Y. Sept. 28, 2016) (same); *Guttilla v. City of New York*, No. 14-CV-156, 2016 WL 1255737, at *3 (S.D.N.Y. Mar. 29, 2016) (same).

<u>2. Due Process Claims Against Defendants Boley, Carreras, and Reams</u>

Plaintiff appears to allege that Boley and Carreras deprived him of due process during his disciplinary hearing by providing false testimony, (*see* Am. Compl. ¶¶ 15, 51), while Reams "interfered with the grievance process," (*id.* ¶ 49).

As with the First Amendment retaliation claims against Boley and Carreras, the same exact issues were addressed by the Court in the 2018 Opinion. There, the Court explained that a "prison inmate has no general constitutional right to be free from being falsely accused." (2018 Op. 11) (citation and quotation marks omitted). "Rather, the inmate must show something more, such as that he was deprived of due process during the resulting disciplinary hearing, or that the misbehavior report was filed in retaliation for the inmate's exercise of his constitutional rights." (*Id.*) (citation and quotation marks omitted).

However, here, as before, Plaintiff fails to allege the "something more," i.e., that Boley's and Carreras's purportedly false report and/or testimony were given in retaliation for engaging in protected activity. (*Id.* at 11; *see also* Am. Compl. ¶ 15.) As before, Plaintiff only alleges that Boley and Carreras provided purportedly false testimony at his disciplinary hearing to provide a justification for their search of Plaintiff's cell, which, as discussed above, could not have infringed any of Plaintiff's constitutional rights, *even if* it was retaliatory in nature. (Am. Compl. ¶ 15.) "[T]hus[,] lying to justify a search that itself was not unlawful does not make out a retaliation claim." (2018 Op. 11.) Accordingly, the "law of the case doctrine counsels against reconsideration of the Court's . . . dismissal of the first Complaint," *Weslowksi*, 96 F. Supp. 3d at

7

316 (citation omitted), and any Due Process claim as to Boley and Carreras is dismissed. *See Perkins*, 2020 WL 248686, at *4–5 (applying the law-of-the-case doctrine to dismiss portions of a pro se complaint where the two pleadings at issue were "substantially identical"); *Mateo*, 2016 WL 5478431, at *4 (same); *Guttilla*, 2016 WL 1255737, at *3 (same).

Plaintiff's claim that Defendant Reams violated his right to due process by "interfer[ing] with the grievance process . . . [and] ma[king] it extremely difficult for [P]laintiff to file a grievance in this matter" also fails. (Am. Compl. ¶ 49.) As the Court discussed in the 2018 Opinion, "[i]t is well-established that inmates do not have a protected liberty interest in the processing of their prison grievances." (2018 Op. 12) (citation, alteration, and quotation marks omitted) (collecting cases). Plaintiff's allegations against Reams in the Amended Complaint are identical to the ones in the Complaint and fail to cure the deficiency noted in the 2018 Opinion. Accordingly, the "law of the case doctrine counsels against reconsideration of the Court's . . . dismissal of the first Complaint," *Weslowksi*, 96 F. Supp. 3d at 316 (citation omitted), and any Due Process claim as to Reams is also dismissed. *See Perkins*, 2020 WL 248686, at *4–5 (applying the law-of-the-case doctrine to dismiss portions of a pro se complaint where the two pleadings at issue were "substantially identical"); *Mateo*, 2016 WL 5478431, at *4 (same); *Guttilla*, 2016 WL 1255737, at *3 (same).

### 3. Defendant Chauvin

Plaintiff alleges that Defendant Chauvin, the hearing officer presiding over Plaintiff's disciplinary hearing at Fishkill, deprived Plaintiff of his procedural due process rights. (Am. Compl. ¶¶ 18–19.) Plaintiff alleges that Chauvin consulted with other staff off the record "about the conduct and manner in which the hearing was conducted," (*id.* ¶ 20), that she permitted Carreras to advise her on which of Plaintiff's questions were irrelevant, (*id.* ¶ 22), that she

8

ultimately did not permit a Sergeant Guarino ("Guarino"), one of Plaintiff's witnesses, to testify, (*id.* ¶¶ 24–25), that Chauvin offered Plaintiff an opportunity to "plead guilty" in exchange for being released from "confinement in the box," (*id.* ¶ 27), and that Chauvin was allegedly unable to justify certain extensions that she requested during Plaintiff's hearing, (*id.* ¶ 41). Plaintiff alleges that, as a result of the hearing and Chauvin's purportedly biased and unfair behavior, he was confined in "two disciplinary housing units at Fishkill" for approximately 90 days. (*See id.* ¶ 44.)

In the 2018 Opinion, the Court noted that Chauvin was not served because "she retired, and is no longer able to be served at Fishkill." (2018 Op. 13) (record citation and quotation marks omitted). Although Defendants provided an address for Chauvin, (*see* Dkt. No. 30), service was again returned as unexecuted on January 28, 2019, (Dkt. No. 41), and Chauvin remains unserved and unrepresented in this Action. Plaintiff has not requested an extension of time to serve Chauvin since the second attempt to serve her returned as unexecuted over a year ago.

Typically, where, as here, a plaintiff proceeds in forma pauperis ("IFP"), he or she is entitled to rely on service by the U.S Marshals. *See* Fed. R. Civ. P. 4(c)(3); *see also Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986). Although Rule 4(m) specifies that defendants not served within 90 days of the filing of a complaint should be dismissed, district courts "have discretion to grant extensions, and may do so even in the absence of good cause." *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012) (citation and quotation marks omitted). The Second Circuit has stated that "a district court abuses its discretion when, among other things, it dismisses a complaint sua sponte for lack of service without first giving notice to the plaintiff and providing an opportunity for her to show good cause for the failure to effect timely service."

*Id.* (italics and citation omitted). However, "[p]laintiffs are not excused from complying with the applicable rules of service merely by virtue of their pro se status." *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 321 (S.D.N.Y. 2016) (dismissing case where pro se plaintiffs failed to effect service on defendants and failed to request an extension of time to serve) (italics omitted).

Here, Plaintiff has been given notice of the failure of service as to Defendant Chauvin. (*See* 2018 Op. 13; Dkt. No. 41.) Plaintiff was also warned that it was his responsibility to ensure that service was made in a timely fashion and, if necessary, to request an extension of time for service. (*See* Order of Service 1–2 (Dkt. No. 7); Chauvin Order of Service 1–2 (Dkt. No. 31).) Nevertheless, Plaintiff has failed to request even an extension to serve Chauvin. It has been over a year since the second attempt at serving Chauvin failed, (*see* Dkt. No. 41), and over three years since the Complaint was originally filed, (*see* Compl. (Dkt. No. 2)). In such situations, a district court has the discretion to dismiss a defendant for failure to serve. *See Meilleur*, 682 F.3d at 63 ("If a plaintiff proceeding IFP chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, she must advise the district court that she is relying on the Marshals to effect service and request a further extension of time for them to do so."), *cert. denied*, 568 U.S. 1031 (2012); *Awan v. Experienced Moving Co.*, No. 18-CV-5137, 2019 WL 5088068, at *2 (E.D.N.Y. Aug. 23, 2019) (dismissing unserved defendants where pro se plaintiff had filed the complaint 11 months prior), *adopted by* 2019 WL 5086687 (E.D.N.Y. Oct. 9, 2019), *appeal dismissed*, No. 19-3625 (2d Cir. Jan. 7, 2020); *Kelley v. Universal Music Grp.*, No. 14-CV-2968, 2017 WL 2889505, at *3 (S.D.N.Y. July 5, 2017) (dismissing defendants where pro se plaintiffs failed to effect service of amended complaint or second amended complaint on those defendants), *adopted by* 2017 WL 3995623 (S.D.N.Y. Sept. 11, 2017); *Terry v. Village of Ossining*, No. 12-

CV-5855, 2013 WL 5952834, at *5 (S.D.N.Y. Nov. 5, 2013) (dismissing defendant in a pro se action without prejudice where the defendant had not yet been served over a year after the case was originally filed); *Landy v. Irizarry*, 884 F. Supp. 788, 793 (S.D.N.Y. 1995) ("Even allowing for Plaintiff's pro se [and IFP] status, given the time he has had to address the problem it cannot be reasonably concluded that he has been diligent or made a good faith effort to [effect service]." (italics omitted)). Accordingly, Chauvin is dismissed.

III. Conclusion

For the reasons stated above, Defendants' Motion To Dismiss is granted. Plaintiff's claims against Defendants Boley, Carreras, and Reams are dismissed *with* prejudice. This is the second time adjudicating those claims, and Plaintiff has fixed virtually none of the problems identified by the Court in the 2018 Opinion. *See Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (holding that the plaintiff was not entitled to "a third go-around"); *Melvin v. County of Westchester*, No. 14-CV-2995, 2016 WL 1254394, at *24 n.19 (S.D.N.Y. Mar. 29, 2016) (granting motion to dismiss with prejudice where "[the] [p]laintiff has already had two bites at the apple, and they have proven fruitless" (citation, alterations and quotation marks omitted)). Furthermore, Chauvin is dismissed for failure to serve, but this dismissal is *without* prejudice. If service is not effected as to Chauvin within 30 days of this Opinion & Order and if Plaintiff continues to fail to request an extension of time to serve her, the Court may dismiss her from the Action with prejudice.

The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 43), and mail a copy of this Opinion & Order to Plaintiff at the address listed on the docket.

SO ORDERED.

DATED: February 25, 2020
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE