UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KERRY KOTLER,

                    Plaintiff,

v.

C. BOLEY, *et al.*,

                    Defendants.

No. 17-CV-239 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    Plaintiff Kerry Kotler ("Plaintiff") brings this pro se Action pursuant to 42 U.S.C. § 1983 against C. Boley, Correction Officer ("Boley"). J. Carreras, Sergeant ("Carreras"), K. Chauvin, Senior Counselor ("Chauvin"), and S. Reams, Inmate Grievance Program Supervisor ("Reams"; collectively "Defendants"), alleging violations of his constitutional rights under the First and Fourteenth Amendments based on incidents at Fishkill Correctional Facility ("Fishkill"). (*See* Am. Compl. (Dkt. No. 38).) Before the Court is Plaintiff's Motion, which seeks (1) reconsideration of the Court's dismissal with prejudice of Plaintiff's First Amendment retaliation and due process claims; and (2) an extension of time to serve Chauvin. (Not. of Mot. (Dkt. No. 47).) For the reasons that follow, the Motion is granted as to the extension of time and denied as to the request for reconsideration.

## I. Plaintiff's Motion for Reconsideration

    The Court assumes familiarity with the facts as alleged in Plaintiff's Amended Complaint. (Am. Compl.) Plaintiff filed his initial Complaint on January 11, 2017. (Compl. (Dkt. No. 2).) On September 28, 2018, the Court dismissed without prejudice Plaintiff's claims against Boley, Carreras, and Reams. (Op. & Order ("2018 Op.") (Dkt. No. 29).) Plaintiff's

Amended Complaint, dated December 25, 2018, was filed on January 9, 2019. (Am. Compl.) The first 49 paragraphs of the Amended Complaint are identical to the first 49 paragraphs of the Complaint. (*See* Compl.; Am. Compl.) The Amended Complaint's six new or revised paragraphs contain some new allegations and conclusions, but no new facts. (Am. Compl. ¶¶ 50–55.) On February 25, 2020, the Court dismissed with prejudice Plaintiff's amended claims against Boley, Carreras, and Reams, largely on law of the case grounds. (Op. & Order ("2020 Op.") (Dkt. No. 46).)

Plaintiff's Motion does not change the Court's reasoning with respect to the claims against Boley, Carreras, and Reams. Plaintiff states that Boley and Carreras took adverse action against him by searching his living quarters without cause. (Mem. of Law in Supp. of Mot. ("Pl.'s Mem.") 6 (Dkt. No. 48).) As explained in the Court's 2018 Opinion, (2018 Op. 8), and reiterated in the Court's 2020 Opinion, (2020 Op. 6), "a prisoner has no reasonable expectation of privacy in his or her prison cell, and a search of an inmate's cell, even for retaliatory reasons[,] does not implicate a constitutional right," (*id*. (alterations omitted)).

Nor do Plaintiff's claims of adverse action by Boley and Carreras beyond conducting the search make out a plausible claim for relief. Plaintiff states: "the Court seems to suggest that [the two grievances'] contents are relevant to whether or not the activities at issue are protected." (Pl.'s Mem. 5.) This is inaccurate. The Court found that "Plaintiff's filing of a grievance is protected conduct and therefore meets the first prong of the inquiry." (2018 Op. 7.) However, as explained in the 2018 Opinion, (2018 Op. 9–10 n.2), and reiterated in the 2020 Opinion, (2020 Op. 6 n.2), the contents of the grievance are relevant because "it is difficult to establish one defendant's retaliation for complaints against another defendant," (*id*.). Plaintiff does not allege that Boley or Carreras had any connection to the grievances for which Plaintiff appeared before

the Inmate Grievance Resolution Committee ("IGRC") on the day before his cell was searched. (*See generally* Am. Compl.)  Thus, Plaintiff's conclusory claim that Boley and Carreras "giving false testimony . . . was conducted solely in retaliation of Plaintiff's exercise of good faith grievance activities," (Am. Compl. ¶ 51; Pl.'s Mem. 8), is not plausible, and cannot survive a motion to dismiss.  That is particularly true here, where this claim is in tension with Plaintiff's allegation that Boley and Carreras made the false statements "[t]o satisfy the cause requirement, and to justify the search."  (Am. Compl. ¶ 15; *see also* 2020 Op. 6 ("Plaintiff alleges only that Boley and Carreras testified in order to satisfy the cause requirement and to justify the search and not as a way to retaliate against Plaintiff." (quotation marks omitted)).)

Finally, Plaintiff cannot maintain a due process claim based on Reams's actions to obstruct Plaintiff's filing of a grievance regarding this matter, because "it is well-established that inmates do not have a protected liberty interest in the processing of their prison grievances." (2020 Op. 8 (alteration omitted); *see also* 2018 Op. 12 (same).)

## II.  Plaintiff's Motion for Extension of Time to Serve Chauvin

Chauvin has not been served and remains unrepresented in this Action.  The Court on May 4, 2017 ordered the Marshals Service to serve Defendants.  (Dkt. No. 7.)  While service of Boley, Carreras, and Reams was effective, (Dkt. Nos. 10–12), the summons of Chauvin was returned as unexecuted on September 14, 2017, as Chauvin had "[r]etired" from Fishkill, (Dkt. No. 18).  In response to an order, (2018 Op. 13), counsel for Boley, Carreras, and Reams on October 2, 2018 informed the Court of Chauvin's last known address, (Dkt. No. 30).  The Court on October 3, 2018 ordered the Marshals Service to effect service on Chauvin at this address. (Dkt. No. 31.)  Again, the summons was returned unexecuted, as the Marshals three times received no answer while attempting to effect service.  (Dkt. No. 41.)

The 2020 Opinion dismissed without prejudice the claims against Chauvin for failure to serve.  (2020 Op. 11.)  It stated that "[i]f service is not effected as to Chauvin within 30 days of this Opinion & Order and if Plaintiff continues to fail to request an extension of time to serve her, the Court may dismiss [claims against Chauvin] with prejudice."  (*Id.*)

Plaintiff requests an additional 90 days to effect service.  (Not. of Mot. 3.)  "[D]istrict courts have discretion to grant extensions even in the absence of good cause."  *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).  The Second Circuit has held that "[i]f a plaintiff proceeding IFP chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, []he must advise the district court that []he is relying on the Marshals to effect service and request a further extension of time for them to do so."  *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).  Here, Plaintiff complied with this guidance.  His Motion is dated March 12, 2020 and was filed on the public docket on March 19, 2020.  (Not. of Mot. 4.)  Both dates are within the 30-day deadline ordered by the Court on February 25, 2020.  (2020 Op. 11.)  Plaintiff has good cause for his failure to serve Chauvin, because he is incarcerated and the Marshals have so far been unable to effect service.  *See Jones v. Westchester County*, 182 F. Supp. 3d 134, 144 (S.D.N.Y. 2016).  Despite these two unsuccessful efforts, the Court is not prepared at this juncture to conclude that proper service is unobtainable.  *But see Jarvois v. Ferrara*, No. 18-CV-3997, 2019 WL 3890130, at *5 (S.D.N.Y. Aug. 19, 2019) ("On this record, the Court cannot conclude that proper service may still be obtained.").

### III.  Conclusion

For the reasons stated above, Plaintiff's Motion is denied insofar as it requests reconsideration of the Court's 2020 Opinion, and granted insofar as it requests an extension of

time to effect service on Chauvin.  Plaintiff must serve Chauvin by February 9, 2021.  Consistent with its Order of October 3, 2018, (Dkt. No. 31), the U.S. Marshals Service is respectfully directed to again attempt to effect service upon Chauvin at her last known address.

The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 47), and mail a copy of this Order to Plaintiff at the address listed on the docket.

SO ORDERED.

Dated: November 9, 2020
      White Plains, New York

                                                        KENNETH M. KARAS
                                                        UNITED STATES DISTRICT JUDGE