UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KERRY KOTLER,

                                    Plaintiff,

                -against-

C. BOLEY, CORRECTION OFFICER; J.
CARRERAS, SERGEANT; K. CHAUVIN,
SENIOR COUNSELOR; AND S. REAMS,
INMATE GRIEVANCE PROGRAM
SUPERVISOR,

                                    Defendants.

17-CV-239 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, currently incarcerated in the New York Central Psychiatric Center, brings this

*pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights.

By order dated April 28, 2017, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, in forma pauperis (IFP).[1]  On May 4, 2017, the Court issued an Order

of Service directing the U.S. Marshals Service (the "Marshals") to complete service on the then-

named Defendants, including Defendant K. Chauvin ("Chauvin").  (Dkt. No. 7.)  Service as to

the other Defendants was executed on July 10, 2017 and July 17, 2017, (Dkt. Nos. 11, 12, 13),

but Chauvin remained unserved,  (Dkt. No. 18.)  On September 28, 2018, the Court granted the

other named Defendants' Motion To Dismiss and instructed the Attorney General for the State of

New York to provide Chauvin's address.  (Dkt. No. 29.)  In a letter dated October 2, 2018, the

Attorney General responded with Chauvin's last known address.  (Dkt. No. 30.)  The following

day, the Court issued a second Order of Service directing the Marshals to serve Chauvin at her

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

last known address.  (Dkt. No. 31.)  On January 28, 2019, the Marshals indicated that they were

unable to complete service, as service by mail and three attempts to serve Chauvin at her last

known address were unsuccessful.  (Dkt. No. 41.)  On March 19, 2020, Plaintiff moved for an

extension of time to serve Chauvin.  (Dkt. No. 47.)  The Court granted this request, providing

Plaintiff until February 9, 2021 to serve Chauvin.  (Dkt. No. 52.)  The Court also requested that

the Marshals attempt to serve Chauvin again, (*id*.), but did not issue an Order of Service.

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely

on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119,

123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP)).  Although the Court provided

Plaintiff until February 9, 2021 to serve Chauvin, (*see* Dkt. No. 52), Plaintiff likely is not aware

that service was not yet attempted again at Chauvin's last known address.  The Court therefore

extends the time to serve until April 23, 2021.  If the complaint is not served within that time,

Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for

service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff

proceeding IFP] provides the information necessary to identify the defendant, the Marshals'

failure to effect service automatically constitutes 'good cause' for an extension of time within the

meaning of Rule 4(m).").

To allow Plaintiff to effect service on Chauvin through the U.S. Marshals Service, the

Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form

("USM-285 form") for this defendant.  The Clerk of Court is further instructed to issue a

summons and deliver to the Marshals Service all the paperwork necessary for the Marshals

Service to effect service upon this defendant.  Because service by mail at this address was

already ineffective, (*see* Dkt. No 41), the Marshals are respectfully directed to attempt in-person

service of Chauvin.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an

information package.

The Clerk of Court is further instructed to issue a summons, complete the USM-285

forms with the address for Defendant K. Chauvin, and deliver all documents necessary to effect

service to the U.S. Marshals Service.  The U.S. Marshals Service is respectfully directed to

attempt in-person service.

SO ORDERED.

Dated:     February 9, 2021
             White Plains, New York

_____
             KENNETH M. KARAS
             United States District Judge

3

**DEFENDANT AND SERVICE ADDRESS**

1.     K. Chauvin
       354 Sunset Hill Road
       East Fishkill, New York 12524