UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KERRY KOTLER,

Plaintiff,                              No. 17-CV-239 (KMK)

-v-                                     ORDER OF DISMISSAL

C. BOLEY, CORRECTION OFFICER, *et al.*,

Defendants.

KENNETH M. KARAS, District Judge:

Plaintiff filed his Complaint and a request to proceed in forma pauperis ("IFP") on

January 11, 2017. (Dkt. Nos. 1, 2.) The Court granted Plaintiff's IFP application. (Dkt. No. 5.)

On May 4, 2017, the Court issued an Order of Service directing the U.S. Marshals Service (the

"Marshals") to complete service on the then-named Defendants. (Dkt. No. 7.) The Marshals

served all Defendants except K Chauvin, Senior Counselor ("Chauvin"), who had retired. (Dkt.

Nos. 10–12, 18.) On September 28, 2018, the Court issued an Opinion & Order that dismissed

without prejudice Plaintiff's claims against C. Boley, Correction Officer ("Boley"), J. Carreras,

Sergeant ("Carreras"), and S. Reams, Inmate Grievance Program Supervisor ("Reams"), and

instructed the Attorney General for the State of New York (the "AG") to provide Chauvin's last

known address. (Dkt. No. 29.) The AG complied, (Dkt. No. 30), and the Court issued a second

Order of Service directing the Marshals to serve Chauvin at her last known address, (Dkt. No.

31). On January 10, 2019, the Marshals indicated that service by mail and three attempts to

serve Chauvin in person were unsuccessful. (Dkt. No. 41.) In the meantime, Plaintiff on

January 9, 2019, filed an Amended Complaint, (Dkt. No. 38), and Defendants again moved to

dismiss, (Dkt. No. 43). On February 25, 2020, the Court issued a second Opinion & Order that

granted Defendants' Motion, dismissed Plaintiff's claims against Boley, Carreras, and Reams with prejudice, dismissed Plaintiff's claims against Chauvin without prejudice for failure to serve, and provided Plaintiff 30 days to request an extension of time to serve Chauvin. (Dkt. No. 46.) Plaintiff requested an extension of time to serve Chauvin, (Dkt. No. 47), and the Court extended Plaintiff's deadline, (Dkt. No. 52). On February 9, 2021, the Court issued a third Order of Service directing the Marshals to serve Chauvin in-person at her last known address, and again extending Plaintiff's deadline to serve Chauvin until April 23, 2021. (Dkt. No. 53.) After attempting three times, the Marshals were again unable to serve Chauvin. (Dkt. No. 56.) On April 27, 2021, the Court issued an Order to Show Case, ordering Plaintiff to show cause by May 27, 2021 as to why this Action should not be dismissed for failure to serve. (Dkt. No. 57.) This Order was mailed to Plaintiff on April 27, 2021, (*see* Dkt. (minute entry for Apr. 27, 2021)), but Plaintiff has neither responded nor otherwise communicated with the Court.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Second Circuit reviews "Rule 4(m) dismissals for failure to serve process . . . for abuse of discretion." *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002). "In the Rule 4(m) context, a district court abuses its discretion when . . . it dismisses a complaint sua sponte for lack of service without first giving notice to the plaintiff and providing an opportunity for her to show good cause for the failure to effect timely service." *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012). Here, the Court provided notice and an opportunity to show good cause to Plaintiff through its April 27, 2021 Order To Show Cause. (Dkt. No. 57.) The Court's February 25, 2020 Opinion & Order similarly warned Plaintiff that

his claims against Chauvin may be dismissed if he did not request an extension of time to serve her. (Dkt. No. 46.) "Plaintiff has demonstrated that []he is able to communicate with the Court," *White v. Miller*, No. 19-CV-668, 2020 WL 85507, at *3 (S.D.N.Y. Jan. 6, 2020), as in response to that Order, he requested an extension of time to serve Chauvin, (Dkt. Nos. 47, 48), and the Court granted this request, (Dkt. No. 52). The Court may be obligated to "assist a pro se plaintiff in identifying a defendant . . . particularly . . . where the plaintiff is incarcerated, and is thus unable to carry out a full pre-trial investigation." *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997). Here, the Court ordered that Defendants produce Chauvin's proper service address. (*See* Dkt. No. 29.) Defendants provided her last known address, (Dkt. No. 30), and the Court twice ordered that service be attempted at this updated address, (Dkt. Nos. 31, 53).

Accordingly, Plaintiff's claims against Chauvin are dismissed without prejudice for failure to serve. *See Herring v. City of Syracuse*, No. 09-CV-1168, 2010 WL 3981960, at *2 (N.D.N.Y. Oct. 8, 2010) (dismissing pro se prisoner complaint pursuant to Rule 4(m) where "the [c]ourt repeatedly gave notice to [the] [p]laintiff that it was going to dismiss the action if he did not" comply with court orders); *Thomas v. Keane*, No. 99-CV-4302, 2001 WL 410095, at *1 (S.D.N.Y. Apr. 23, 2001) (noting that claims by an incarcerated pro se plaintiff were "dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to complete service on these defendants").

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, and to close this case.

SO ORDERED.

DATED:     June 1, 2021
           White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE