UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kerry Kotler,

                          Plaintiff,                    17 Civ. 239 (KMK)(PED)

    *- against -*

C. Boley, Correction Officer, et al.,                    **ORDER**

                        Defendants.

PAUL E. DAVISON, U.S.M.J.:

      This action under 42 U.S.C. § 1983, has been referred to the undersigned for General Pretrial. [Dkt. 72.] *See* 28 U.S.C. § 636(b).

      Plaintiff, who appears *pro se*, has moved for the appointment of counsel. [Dkt. 80.] Because Plaintiff has been granted leave to proceed *in forma pauperis* (Dkt. 5), I accept Plaintiff's representation that he is unable to afford counsel.

      Even indigent plaintiffs have no "right" to counsel in civil cases, however, so applications for *pro bono* counsel in such cases are addressed to the court's discretion. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). The Court of Appeals has stressed that such applications should not be granted indiscriminately, because volunteer lawyers are a "precious commodity." *Cooper v. Sargenti*, 877 F.2d 170, 172 (2d Cir. 1989). Accordingly, the district court is directed to screen such applications first by evaluating the applicant's likelihood of success on the merits. *Id.* If the court concludes that the applicant's claims meet this threshold requirement, then the court is to consider secondary criteria such as "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in light of the required factual investigation, the complexity of the legal issues, and the need for expertly-conducted cross-examination to test veracity." *Id.*

      This court will not weigh into Plaintiff's likelihood of success in this case. However, the court will observe that Plaintiff's claims are "likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). In this case, Defendants' motion to dismiss was previously granted, and the allegations in Plaintiff's second amended complaint were dismissed. [Dkt. 46.] However, on appeal, the Second Circuit vacated and remanded that decision. *See Kotler v. Boley*, 2022 WL 4589678 (2d Cir. Sept. 30, 2022).[1] Accordingly, Plaintiff's allegations are credible enough that they cannot lightly be dismissed. The secondary factors, however, counsel against appointing Plaintiff counsel. Plaintiff has neither shown, nor alleged, that he has

---

[1] Copies of unreported cases cited herein will be mailed to Petitioner as a *pro se* litigant. *See Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

sought and been unable to obtain counsel. He also has not argued that he would be unable to handle the case due to the required factual investigation, the complexity of the legal issues, and the need for expertly-conducted cross examination. Such an argument would also be difficult to believe, as the docket here demonstrates Plaintiff's tenacity in pursuing his claims; he has filed a complaint, an amended complaint, and successfully appealed a decision granting a motion to dismiss to the Second Circuit. Accordingly, Plaintiff's request for counsel is denied.

Plaintiff argues that in the alternative, this court should issue an order directing the Office of Mental Health to provide him with "writing/typing supplies, postage, and photocopy services without costs," and up-to-date legal resource information. [Dkt. 80 at 2.] Plaintiff asserts that he is entitled to such an order to ensure his right of access to the courts. Indeed, an incarcerated individual is entitled to writing supplies and postage in order to seek redress of constitutional violations in the courts. *See Chandler v. Coughlin*, 763 F.2d 110, 114 (2d Cir. 1985). However, this does not mean that an incarcerated individual should "be provided unlimited free postage, but only that he not be denied a reasonably adequate amount of postage to present his claimed violations of fundamental constitutional rights to the courts." *Id.* (internal quotation marks and internal citation omitted). Further, Plaintiff asserts that he receives $ 35.00 a month, which is well above what this Circuit has previously determined to be a reasonable amount to prosecute a case. *See Gittens v. Sullivan*, 670 F. Supp. 119, 123 (2d Cir. 1987) (finding $1.10 per week, plus an advance of $36.00 to be "adequate"). With respect to Plaintiff's request for up-to-date legal sources, defense counsel asserts that Plaintiff has access to off-line legal resources that are updated four times per year. Plaintiff's argument is therefore moot, and his requests are denied.

Accordingly, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

Dated: February 10, 2023
       White Plains, New York

**SO ORDERED**

_____
Paul E. Davison
United States Magistrate Judge