UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Kerry Kotler,

                       Plaintiff,

        -against-

C. Boley, et al.,

                       Defendants.

-----------------------------------------------------------------

17-cv-239 (CS) (VR)

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

       The Court has received the parties' joint letter, dated September 22, 2023, regarding their outstanding discovery disputes. (ECF No. 123). For the reasons stated below, Plaintiff's Requests for Production Nos. 8 and 9 are **DENIED,** and Plaintiff's Request for Admission No. 3 is **GRANTED** in part. For Requests for Production Nos. 10 and 12 and for Request for Admission No. 3, Defendants are directed to provide the Court with a status update on the requested documents by no later than **October 6, 2023**.

       **Requests for Production Nos. 8 and 9**

       Plaintiff's Request for Production No. 8 seeks "[t]he name of all prison inmates whose living quarters defendant BOLEY searched on June 4, 2016." (ECF No. 123 at 1). Request for Production No. 9 seeks "[t]he name and complete disciplinary files related to misbehavior reports defendant BOLEY issued to all prisoners other than plaintiff on June 4, 2016." (*Id.*). According to Plaintiff, this discovery is relevant to show that the use of defendant Boley to conduct living-quarter searches of inmates at the Fishkill Correctional Facility "was not justified, nor a normal practice" and will aid Plaintiff's "effort to assess the circumstances surrounding any

1

adverse actions that may have been inflicted inappropriately upon other similarly situated prisoners by defendant BOLEY on June 4, 2016." (ECF No. 123 at 2).

Plaintiff's Requests for Production Nos. 8 and 9 are **DENIED**. Defendants have confirmed that the logbooks with the requested information no longer exist and that the electronic database of misbehavior reports cannot be searched by the name of the issuing officer or by date. (*Id.* at 3). Thus, the burden of searching the electronic database for the names and misbehavior reports of other prisoners subject to searches by defendant Boley on June 4, 2016, outweighs its likely benefit. Plaintiff's requests are only marginally relevant to his claim that defendant Boley's search of his living quarters on June 4, 2016, was "not justified, nor a normal practice." (ECF No. 123 at 2). Further, Plaintiff has no need to "assess the circumstances surrounding any adverse actions that may have been inflicted inappropriately upon other similarly situated prisoners" (*id.*) because Plaintiff, who is proceeding pro se, is not bringing claims on behalf of other prisoners.

### Requests for Production Nos. 10 and 12

In Request for Production No. 10, Plaintiff seeks "[a]ll records related to the policy and practices in place on June 4, 2016 regarding the manner in which random searches at [Fishkill Correctional Facility] were selected and made, including but not limited to any memorandums and letters describing the sequence or selection process used." (ECF No. 123 at 2). Request for Production No. 12 seeks "[a]ll records, memorandums, instructions, policies, and regulations describing the process for handling, documenting, and maintaining confidential information." (*Id.*).

In response, Defendants state that they have requested documents responsive to these requests and are awaiting further information from the Fishkill Correctional Facility. (*Id.* at 3).

Accordingly, Defendants are directed to provide the Court with a status update on the requested documents by no later than **October 6, 2023**, in advance of the parties' Case Management Conference before Judge Karas, which is currently scheduled for October 11, 2023.

**Request for Admission No. 3**

Plaintiff's Request for Admission No. 3 asks Defendants to admit "[t]hat in June of 2016 tweezers such as those at issue in this litigation were sold in the prison commissary." (*Id.*). Defendants appear unwilling to provide a written response to Plaintiff's request without a qualification about "altered tweezers" not being sold in the prison commissary. However, Defendants have agreed to request any documents reflecting the items sold in the commissary as of June 2016, to determine whether tweezers in unaltered form were sold. This appears to be a reasonable compromise that would provide Plaintiff with the requested information.

Accordingly, Plaintiff's request for a further response to Request for Admission No. 3 is **GRANTED IN PART**. Defendants are directed to provide the Court with a status update on the requested documents by no later than **October 6, 2023**, and to respond to Plaintiff's Request for Admission No. 3 as modified below:

> **Request for Admission No. 3**: That in June 2016 tweezers, such as those in this litigation, were sold in unaltered form in the prison commissary.

**SO ORDERED.**

DATED:   White Plains, New York
         September 28, 2023

_____
VICTORIA REZNIK
United States Magistrate Judge

3