UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KERRY KOTLER,

                *Plaintiff*,

      -v-

CORRECTIONS OFFICER C. BOLEY, and
SERGEANT J. CARRERAS,

                *Defendants*.

No. 17-CV-239 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    Kerry Kotler ("Plaintiff"), proceeding pro se, brings this Action against Corrections Officer C. Boley ("Boley") and Sergeant J. Carreras ("Carreras") (together, "Defendants"), alleging violations of his First and Fourteenth Amendment rights. (*See* Am. Compl. (Dkt. No. 38).) By Order dated April 28, 2017, the Court granted Plaintiff's request to proceed without the prepayment of fees, that is in forma pauperis. (Dkt. No. 5.)

    In a letter dated October 7, 2025, Plaintiff requested that the Court appoint pro bono counsel on his behalf. (*See* Plaintiff's Application for Appointment of Counsel ("Application") (Dkt. No. 186).) Plaintiff alleges that he is indigent and seeks "the appointment of counsel for all purpose[s] going forward and until the completion of trial." (*Id.* at 1.) For the following reasons, Plaintiff's request is denied without prejudice.

    Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court

"'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*,

No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

At the time of the incident in question, Plaintiff was in the civil custody of the New York State Office of Mental Health and, as such, was incarcerated at Fishkill Correctional Facility ("Fishkill"). (Am. Compl. 2.) Boley was a corrections officer, and Carreras was a corrections sergeant, both at Fishkill. (*Id.* 3.) Plaintiff asserts that Defendants violated his First Amendment right when Defendants searched his cell, drafted a false report based on circumstances that would not ordinarily result in discipline, and provided false testimony at the subsequent disciplinary hearing, all in retaliation for Plaintiff's filing grievances. (*See id*. 5–14.)

Regarding the first prong of two-step inquiry outlined in *Hodge*, for the purposes of the instant request for appointment of counsel, the Court construes Plaintiff's Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement. *Johnston*, 606 F.3d at 41 (internal quotation marks omitted). Plaintiff's claim also survived a Motion for Summary Judgment, *see generally Kotler v. Boley*, No. 17-CV-239, 2025 WL 2494289 (S.D.N.Y. Aug. 29, 2025), which further indicates it may have merit. Turning to the second inquiry regarding prudential factors, however, the Court finds that Plaintiff has not shown why he needs counsel.

Here, Plaintiff does not explain whether he has sought to obtain counsel in this matter at all before asking the Court to appoint counsel. Because Plaintiff has not demonstrated that he made any effort to engage counsel, his request should be denied. *See Walsh v. Buchanan*, No. 11-CV-1206, 2013 WL 145041, at *3 (D. Conn. Jan. 11, 2013) ("The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of

counsel by the court at this time."); *Anderson v. Romano*, No. 08-CV-559, 2009 WL 702818, at *1 (S.D.N.Y. Mar. 13, 2009) (denying the plaintiff's request for appointment of counsel because the plaintiff "ha[d] not indicated to the [c]ourt . . . that he made any effort to engage counsel prior to making the . . . application"); *Highsmith v. Gomez*, No. 98-CV-294, 2000 WL 33381018, at *3 (D. Conn. Nov. 30, 2000) ("Since [the] [p]laintiff has not demonstrated sufficient efforts to obtain counsel, his motion must be denied.").

Putting aside Plaintiff's failure to demonstrate he has attempted to obtain counsel, Plaintiff cannot satisfy step two of the inquiry regarding prudential factors without providing the Court further information on why he needs counsel. The Court understands Plaintiff is indigent, but indigency alone is insufficient to warrant the appointment of counsel. *See Delaney v. City of Albany*, No. 18-CV-1193, 2019 WL 2537312 (N.D.N.Y. June 20, 2019) ("Financial need or status as an incarcerated person, without more, does not suffice for appointment of pro bono counsel in a civil action."); *Daniel G. v. Comm'r of Social Sec.*, No. 23-CV-1445, 2024 WL 2160450, at *1 (N.D.N.Y. Apr. 29, 2024) ("The financial inability of a party to afford counsel, or counsel's financial disincentives to take certain cases, are not by themselves a basis for appointing counsel. (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989).)

Moreover, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of New York*, 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Plaintiff's claim is largely based on the retelling of events that happened in his presence, and "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to plaintiff's incarceration, which "severely limit[ed] his

4

ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case"). Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate his claim[s]. *Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *1 (S.D.N.Y. Apr. 9, 1999). Plaintiff has also successfully navigated multiple dispositive motions, filed discovery requests, and participated in status conferences during the pendency of this litigation, (*see generally* Dkt.), all of which are a testament to Plaintiff's ability to represent himself in this Action.

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding his circumstances, if they materially change. The Clerk is respectfully directed to terminate the pending motion, (*see* Dkt. No. 186), and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: October 30, 2025
      White Plains, New York

                                        KENNETH M. KARAS
                                        United States District Judge